JUSTICE NELSON
specially concurs.
¶80 I specially concur in the Court’s Opinion and I join Justice Wheat’s concurrence as well.
¶81 I believe it is critical that the jury receive the additional instruction that Justice Wheat proposes. While the insurer may consider inadmissible evidence in evaluating a claim (providing that inadmissible evidence is not the only evidence and where such evidence may lead to admissible evidence), Opinion, ¶ 52, the jury must be instructed on how it is to evaluate this sort of evidence if such inadmissible evidence comes up in the UTPA trial.
¶82 While the lawyers and the trial judge know that inadmissible *318 evidence will not be allowed into the underlying case on the merits, lay jurors, obviously, do not. For example, it is common knowledge that lay persons conflate criminal liability for a traffic accident-i.e., the issuance of or conviction on a traffic citation-with civil liability or “fault.” Likewise, lay jurors typically believe that a party is not civilly liable or at “fault” if that party was not cited with a traffic offense in the accident. See Smith v. Rorvik, 231 Mont. 85, 90, 751 P.2d 1053, 1056 (1988) (holding that because the elements of proof in civil and criminal trials are decidedly different, evidence of the issuance or nonissuance of a traffic citation is generally irrelevant to the question of negligence and, thus, inadmissible in a civil trial).
¶83 Therefore, in cases where the insurer has considered clearly inadmissible evidence as part of its “reasonableness” determination and where this fact will be presented to the jury (either with or without the actual inadmissible evidence itself), then, like Justice Wheat, I would require the trial judge to give the additional jury instruction he suggests. The jury must understand that although the insurer may, with limitations, consider inadmissible evidence as part of its determination of “reasonably clear liability,” that inadmissible evidence cannot be considered by the jury as either proving or disproving civil liability on the part of either party in the underlying case.
¶84 With that caveat, I concur.